```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
FRANK DAVID SEINFELD,                    :
                                         :
                      Appellant,         :    06 Civ. 13274 (DLC)
                                         :
           -v-                           :    OPINION AND ORDER
                                         :
WORLDCOM, INC. et al.,                   :
                                         :
                      Appellees.         :
                                         :
-----------------------------------------X
```

Appearances:

For Appellant:
Dwight Yellen
Irving Bizar
Ballon Stoll Bader & Nadler, P.C.
1450 Broadway
New York, NY 10018

For Appellees:
Marcia L. Goldstein
Lori R. Fife
Alfredo R. Perez
Weil Gotshal & Manges LLP
New York, NY 10153

Adam P. Strochak
Weil Gotshal & Manges LLP
1300 Eye Street, NW
Suite 900
Washington, DC 20005

DENISE COTE, District Judge:

   The appellees have moved to dismiss this appeal from the September 26, 2006 decision by the bankruptcy court for appellant's failure to timely file his appellate brief, which

was due on December 4.  The appellant has cross-moved for an extension of time to file his brief.  For the following reasons, the appellees' motion to dismiss is granted and appellant's motion for an extension of time is denied.

BACKGROUND

Frank D. Seinfeld ("Seinfeld") brought a shareholder derivative action on June 27, 2002, alleging state law claims of breach of fiduciary duty and waste against various former directors and officers of WorldCom, Inc. ("WorldCom") and a state law claim of aiding and abetting breach of fiduciary duty against WorldCom's bank, Bank of America, N.A. ("Bank of America").  This Court dismissed the action as barred by WorldCom's confirmed Modified Second Amended Joint Plan of Reorganization ("Plan") under Chapter 11.  Seinfeld v. Allen, No. 02 Civ. 5018 (DLC), 2005 WL 1231644 (S.D.N.Y. May 25, 2005) ("May 2005 Opinion").  The Court of Appeals affirmed this decision, concluding that the appellant was precluded from asserting a derivative action without first bringing a proceeding in bankruptcy court.  Seinfeld v. Allen, 169 Fed.Appx. 47, 50 (2d Cir. 2006).  The appellant subsequently filed a motion in the bankruptcy court seeking permission to bring a shareholder derivative action.  The Bankruptcy Court denied that motion on September 26, 2006, holding that Seinfeld

lacked standing under the Plan to sue on behalf of the reorganized debtors.  In re WorldCom, Inc., No. 02-13533 (AJG), 351 B.R. 130 (Sept. 26, 2006) ("Bankruptcy Opinion").  Relevant facts and procedural events are set forth in the May 2005 Opinion, the Second Circuit decision, and the Bankruptcy Opinion.  Familiarity with these Opinions is assumed.

Seinfeld appealed the September 26 bankruptcy decision to this Court and his appeal was docketed on November 17.  On that same day, the Clerk of Court sent counsel for the appellant and the appellees two notices by electronic mail.  The first notice stated that Seinfeld's appeal was docketed on November 17 and clearly indicated that his appellate brief was due on December 4.  A second notification informed counsel that the appeal was "[r]eferred to Judge Denise L. Cote as possibly similar."  According to Fed. R. Bankr. P. 8009(a)(1) ("Rule 8009(a)(1)"),[1] Seinfeld had fifteen days to file and serve his appellate brief.

---

[1] Rule 8009(a) provides in pertinent part,

> Unless the district court . . . by local rule or by order excuses the filing of briefs or specifies different time limits:
>     (1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Fed. R. Bankr. Pro. 8009(a)(1).  Rule 8007 "sets forth the procedure for the docketing of a bankruptcy appeal in the district court."  In re Enron Corp., 475 F.3d 131, 133 (2d Cir. 2007).

Since the fifteenth day fell on a Saturday, the brief was due Monday, December 4.  This appeal was assigned to this Court's docket on November 29.  The assignment was docketed on December 7.  Section 7 of this Court's Individual Practices explicitly provides that in bankruptcy appeals, "[b]riefs must be submitted in accordance with Bankr. Rule 8009, 11 U.S.C.  Counsel may extend these dates by stipulation submitted to the Court no later than two business days before the brief is due."  Seinfeld did not file the brief or request an extension from this Court on or prior to December 4.

On December 8, appellees moved to dismiss the appeal for the appellant's failure to file a brief.  On December 22, Seinfeld cross-moved pursuant to Fed. R. Civ. P. 6(b) ("Rule 6(b)") and Fed. R. Bankr. P. 9006(b)(i) ("Rule 9006") to extend the time to file his brief until January 10, 2007.  His counsel explains that the brief was not filed on time because he did not read the electronic docket entry which had been emailed to him by the District Court and which informed him that the brief was due on December 4, because he believed that the Court would enter a scheduling order setting the date for filing the brief, because the partner in charge of the matter left the firm on December 1,[2] because he was also in the process of leaving the

---

[2] In his declaration, Seinfeld's counsel also refers to an October 11 call with appellees' counsel, implying that when the

4

firm, and because the attorney who was to assume handling the matter was scheduled to return from vacation on January 3, 2007. On January 3, Seinfeld's attorney sent a letter indicating that appellant's brief could be served and filed that day.  Seinfeld filed the brief on January 5.

DISCUSSION

    The fifteen-day period by which an appellant from a decision of a bankruptcy court must file her appellate brief pursuant to Rule 8009(a)(1) "is only triggered once the appeal has been docketed in the district court <u>and</u> notice of the docketing of the appeal has been sent to all parties." <u>Enron</u>, 475 F.3d at 134.  An appellant's failure to timely file her brief is not an automatic ground for dismissal.  "The time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines."  <u>In re Tampa Chain Co., Inc.</u>, 835 F.2d 54, 55 (2d Cir. 1987).  Rule 9006 provides that the "excusable neglect" standard "governs the enlargement of time for deadlines in bankruptcy proceedings."  <u>In re Harris</u>, 464 F.3d 263, 270 (2d

---

December 4 due date for filing his client's appellate brief passed, he was still waiting for a response to the question he had posed in October.  Appellees' counsel, however, had already responded in mid-October, long before the December 4 due date.

Cir. 2006) (citation omitted).  The rule "permits some filings or other acts to be accepted notwithstanding a missed deadline. It states that, on the motion of the party, the court may, for cause shown and in its discretion, 'permit the act to be done where the failure to act was the result of excusable neglect.'" Id. at 270 n.5 (quoting Rule 9006).[3]  The "excusable neglect" standard under Rule 9006 has been developed in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993), and its line of cases.  In re Lynch, 430 F.3d 600, 605 (2d Cir. 2005).

Excusable neglect is a "somewhat elastic concept."  In re Enron, 419 F.3d 115, 121 (2d Cir. 2005) (citation omitted).  In interpreting Rule 9006, the Second Circuit has noted that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, even though inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  Id. at 122 (citation omitted).  To determine whether excusable neglect exists, a court should "tak[e] [into] account . . . all relevant

---

[3] While Seinfeld has also moved for an extension of time pursuant to Rule 6(b), on which Rule 9006 was modeled, Raymond v. Int'l Bus. Mach. Corp., 148 F.3d 63, 66 n.4 (2d Cir. 2006), this rule does not apply to extensions of deadlines set by the federal bankruptcy rules, but to those set by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 6(b).

circumstances surrounding the party's omission," including the four factors identified by the Supreme Court in Pioneer: "(1) the danger of prejudice to the debtor, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  Id. at 122 (citing Pioneer, 507 U.S. at 395).  The four Pioneer factors, however, "do not carry equal weight" in a court's determination.  Silivanch v. Celebrity Cruises, 333 F.3d 355, 366 n.7 (2d Cir. 2003) (quoting Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001)).  "[I]n the typical case, three of the Pioneer factors –- the length of the delay, the danger of prejudice, and the movant's good faith -– usually weigh in favor of the party seeking the extension."  Enron, 419 F.3d at 122 (citation omitted).  The Second Circuit, however, has "focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant."  Id. (citation omitted); Silivanch, 333 F.3d 355 at 366.

The Court of Appeals has "taken a hard line in applying the Pioneer test."  Enron, 419 F.3d at 122 (citation omitted).  In particular, it has "cautioned that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule, and that where the rule is entirely clear, we

7

continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 123 (citation omitted).  While an appellant's loss of the right to bring an appeal due to the inadvertent mistakes of his counsel may seem unjust, "the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced -- where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." Id. (citation omitted).

In this case, the fourth Pioneer factor favors the appellant because there is no claim that Seinfeld's delay was the result of bad faith.  The first two Pioneer factors, however, only marginally favor the appellant, if at all. Seinfeld cross-moved for an extension of time to file his brief eighteen days after it was due and finally filed it thirty-seven days late.  He filed the brief more than three months after the decision it seeks to reverse.  This delay in moving for an extension and in filing the brief are not insignificant in the context of Rule 8009(a)(1), which sets forth a fifteen-day time limit for filing an appellate brief after docketing and notification to the parties of an appeal.  The second factor, the danger of prejudice to Seinfeld in the event of a dismissal, is also marginal.  Seinfeld's claim that he has standing to

bring a shareholder derivative lawsuit against WorldCom's former directors, officers, and Bank of America has been heard by the bankruptcy court, this Court, and the Court of Appeals.  Each court in turn has rejected his arguments.  The danger that Seinfeld will experience prejudice if he is not heard once again is minimal.  The determination of whether there is excusable neglect in this case therefore hinges on the third <u>Pioneer</u> factor, Seinfeld's proffered reasons for his delay in filing his appellate brief.

    Seinfeld has not offered reasons for delay that demonstrate excusable neglect.  The November 17 notification of the appeal's docketing that was electronically mailed to appellant's counsel clearly indicated that the appellate brief was due on December 4.  A second notification sent on that same day informed appellant's counsel that the appeal was referred to this Court as possibly similar.  Although the case was not yet assigned, the appellant's counsel was obligated to check the Federal Rules of Bankruptcy Procedure to determine the applicable deadlines for filing his client's appellate brief.  Counsel was also on notice that if the case was assigned to this Court, he would be responsible for following the Individual Practices of this Court, which reiterate that appellate briefs in bankruptcy appeals "must be submitted in accordance with Bankr. Rule 8009"

unless the parties file a stipulation at least two days prior to the expiration of the deadline for filing an appellate brief.

While Seinfeld characterizes the failure of his counsel to read these emails -- which his counsel admits were received on the day they were sent -- as inadvertence, such conduct rises to the level of neglect and does not merit excuse.  The concomitant claim that Seinfeld's counsel did not file an appeal out of his belief that the Court would enter a scheduling order setting the filing date deadline is similarly inexcusable.  This Court's Individual Practices explicitly incorporate the Rule 8009 deadlines.  "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," Pioneer, 507 U.S. at 392, and they do not in this case.  Moreover, since there was no ambiguity in the rule at issue, "much less a 'dramatic ambiguity,'" Enron, 419 F.3d at 127 (citation omitted), there is even less reason to deem appellant counsel's negligence excusable.

The claim of appellant's counsel that the "confusion" surrounding the transition between the three different lawyers handling Seinfeld's case constitutes excusable neglect is similarly unpersuasive.  "[P]reoccupation or an excessive workload does not typically render a mistake excusable."  Id. at 126.  In any firm, attorneys acquire new clients, take leave for vacation, and move on for new career opportunities.  In the

10

context of this case, the possibly harried transition between the lawyers representing Seinfeld does not excuse their collective failure to read electronic notifications from a court pertaining to an appeal integral to their client's case.  Having received a series of uniformly adverse decisions, it was particularly important for counsel to be diligent if Seinfeld wished to continue with this litigation.  The bankruptcy court dismissed Seinfeld's action in September, and Seinfeld's counsel had ample time to draft the appellate brief over the course of more than two intervening months.  Seinfeld has simply provided no adequate explanation for his failure to timely file an appellate brief.

Appellant's justification that there was "no pattern of willful default or neglect" is inapposite.  It is unnecessary to explore Seinfeld's diligence or lack thereof over the course of the four and a half years he has pursued this litigation.[4]  A record of dilatoriness is not necessary to support the enforcement of the unambiguous requirements of Rule 8009(a)(1).

---

[4] The Opinions filed in this litigation do not suggest diligence by Seinfeld's counsel.  For instance, Seinfeld brought an untimely motion to file a second amended complaint more than two years after he filed the action.  The motion was denied.  May 2005 Opinion, 2005 WL 1231644, at *5.  Moreover, to the extent that he disagreed with the Plan in which the reorganized debtors retained the right to assert the claims he seeks to bring here, Seinfeld had a duty to object before the Plan was confirmed.  He failed to do so.  Bankruptcy Opinion, 351 B.R. at 133.

CONCLUSION

The appellees' motion to dismiss is granted and appellant's cross-motion for an extension of time is denied.  Seinfeld's appeal is dismissed for failure to file a brief by the deadline established in Rule 8009(a)(1).

SO ORDERED:

Dated:   New York, New York
         April 4, 2007

                                        _____
                                              DENISE COTE
                                        United States District Judge