```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
FRANK DAVID SEINFELD,                    :
                                         :
                      Appellant,         :    06 Civ. 13274 (DLC)
                                         :
            -v-                          :    MEMORANDUM OPINION
                                         :         AND ORDER
WORLDCOM, INC. et al.,                   :
                                         :
                      Appellees.         :
                                         :
-----------------------------------------X
```

Appearances:

For Appellant:
Irving Bizar
Ballon Stoll Bader & Nadler, P.C.
1450 Broadway, 14th floor
New York, NY 10018

For Appellees:
Marcia L. Goldstein
Lori R. Fife
Alfredo R. Perez
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Adam P. Strochak
Weil Gotshal & Manges LLP
1300 Eye Street, NW
Suite 900
Washington, DC 20005


DENISE COTE, District Judge:

    Following an April 4, 2007 Opinion and Order, <u>Seinfeld v. WorldCom, Inc.</u>, No. 06 Civ. 13274 (DLC), 2007 WL 987867 (S.D.N.Y. Apr. 4, 2007) ("April Opinion"), granting appellees'

motion to dismiss and denying appellant's motion for an extension of time, plaintiff Frank David Seinfeld ("Seinfeld") brings this timely motion under Rule 59, Fed. R. Civ. P., to amend the judgment.  The motion is denied.

This case has a long procedural history.  Since 2002, Seinfeld has attempted to bring a shareholder derivative action against various former directors and officers of WorldCom, Inc. ("WorldCom") and WorlCom's bank, Bank of America, N.A. ("Bank of America"), alleging state law claims of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and waste.  He has been heard by this Court, the Bankruptcy Court, and the Court of Appeals.  April Opinion, at *1.  See Seinfeld v. Allen, 169 Fed. Appx. 47 (2d Cir. 2006); Seinfeld v. Allen, No. 02 Civ. 5018 (DLC), 2005 WL 1231644 (S.D.N.Y. May 25, 2005); In re WorldCom, Inc., No. 02-13533 (AJG), 351 B.R. 130 (Bankr. S.D.N.Y. Sept. 26, 2006) ("Bankruptcy Opinion").  In November 2006, Seinfeld appealed to this Court a September 2006 decision of the Bankruptcy Court denying him permission to bring a shareholder derivative claim.

In response to defendants' motion, the April Opinion dismissed Seinfeld's appeal for failure to file timely his appellate brief in accordance with Rule 8009(a)(1) of the Fed. R. Bankr. P. ("Rule 8009(a)(1)").  Finding that his delay in moving was "not insignificant," that there was only a "marginal"

2

danger of any prejudice to him in the event of dismissal, and that Seinfeld failed to offer "reasons for delay that demonstrate excusable neglect," the April Opinion also denied the appellant's cross-motion for an enlargement of time under Rule 9006, Fed. R. Bankr. P. ("Rule 9006").  April Opinion, at *3.

The standard for a motion to amend a judgment under Rule 59(e), Fed. R. Civ. P., is the same as the standard for a motion for reconsideration under Local Civil Rule 6.3.  See Abrahamson v. Bd. of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002).  The standard is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration should not be granted "where the moving party seeks solely to relitigate an issue already decided," id., and "a party . . . 'may not advance new facts, issues or arguments not previously presented to the court.'" Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (citation omitted).  A motion for reconsideration may not "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in

response to the court's rulings." Questrom v. Federated Dep't Stores, Inc., 192 F.R.D. 128, 131 (S.D.N.Y. 2000).

In this motion for an amended judgment, Seinfeld has not pointed to any evidence or argument that he made in opposition to appellees' motion to dismiss or in his cross-motion for an extension of time that this Court overlooked in issuing the April Opinion. While Seinfeld claims that the April Opinion overlooked the fact that the appellant served and filed his brief on January 5, 2007, approximately one month after it was due, he is incorrect. The April Opinion noted that while Seinfeld's appellate brief was due on December 4, 2006, he cross-moved for an extension of time on December 22 and ultimately filed his appellate brief on January 5, 2007. April Opinion, at *1-2.

Seinfeld's thirty-two day delay[1] in filing his appellate brief is "not insignificant" in the context of Rule 8009(a)(1)'s fifteen-day time limit for filing an appellate brief after docketing and notification to the parties of an appeal, particularly in this case where it was "important for counsel to be diligent" to allow the appellant to pursue his action and where counsel had "ample time to draft the appellate brief."

---

[1] The April Opinion incorrectly noted that Seinfeld filed his appellate brief thirty-seven days late, id. at *3, when this submission was in fact thirty-two days late. This error, however, does not change the April Opinion's findings. Seinfeld did not identify this error in his submissions on the instant motion.

4

Id. at *3-4.  Nor does the fact that the appellant's brief was thirty-two days late alter the finding that only "marginal" prejudice to Seinfeld would result from a dismissal of his appeal for lack of timeliness.  Id. at *3.

Although Seinfeld argues that the dismissal of his appeal constitutes "manifest injustice," this claim is unpersuasive where three courts -- this Court, the Bankruptcy Court, and the Court of Appeals -- have all heard and rejected his previous efforts to bring a shareholder derivative claim.  Finally, while Seinfeld argues that an amended judgment is warranted because the defendants failed to demonstrate that they would have been prejudiced by the acceptance of his untimely brief, this argument is insufficient to overcome the totality of the factors that should be considered in determining whether an applicant seeking an enlargement of time has met Rule 9006's excusable neglect standard.  When determining whether an enlargement of time is warranted, a court must consider not only the prejudice to the debtor, but also the length of delay and its potential impact on judicial proceedings, the reason for the delay, and the movant's good faith.  In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005) (citing four factors for determining excusable neglect set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).  The April Opinion considered all of these factors in the context of the

5

facts and circumstances of this case in finding that Seinfeld failed to demonstrate excusable neglect.

Nor has Seinfeld pointed to any controlling authority that would suggest a different conclusion than that reached by the April Opinion.  His reference to In re Tampa Chain Co., Inc., 835 F.2d 54 (2d Cir. 1987), is of little assistance to him.  In upholding the district court's dismissal of the appeal, the Court of Appeals emphasized the discretionary nature of the district court's decision to dismiss the appeal due to the appellant's failure to file timely his appellate brief.  Id. at 55.  As in Tampa Chain, this Court did not automatically dismiss the appeal, but gave the appellant an opportunity to explain the reason for the failure to file his appellate brief on time.  As explained in the April Opinion, Seinfeld offered no reasons for the delay that demonstrate excusable neglect.  April Opinion, at *3.

Seinfeld has principally used the instant motion to argue that this Court's original dismissal of his shareholder derivative action in 2005 was "contrary to Georgia law which[,] is controlling."  His effort to argue the merits of his claim for shareholder derivative standing on a motion to amend a judgment that dismissed his appeal for lack of timeliness is unavailing.

CONCLUSION

The appellant's motion to amend the judgment is denied.

The Clerk of Court shall close this case.


SO ORDERED:
Dated:    New York, New York
          May 31, 2007

                                    /s/ Denise Cote
                                    ───────────────────────────
                                         DENISE COTE
                                    United States District Judge

7